Filed 5/5/25  P. v. Garcia CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

DANIELLE LEE GARCIA,

    Defendant and Appellant.

E082111

(Super.Ct.No. RIF1602403)

OPINION

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Melissa Mandel, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Danielle Lee Garcia appeals the trial court's resentencing order, pursuant to Penal Code[1] sections 1170 and 1385. She argues that the court relied upon an improper basis for its resentencing decision and failed to properly consider her childhood trauma. We affirm.

PROCEDURAL BACKGROUND

Defendant was charged by information with carjacking (§ 215, subd. (a), count 1) and assault with a deadly weapon (§ 245, subd. (a)(1), count 2). Count 1 alleged she personally used a deadly weapon. (§ 12022, subd. (b)(2).) The information also alleged six prison priors (§ 667.5, subd. (b)), one serious felony prior (§ 667, subd. (a)), and one prior strike conviction (§§ 667, subd. (c) & (e)(1) and 1170.12, subd. (c)(1)).

On August 21, 2017, defendant entered a plea agreement. She pled guilty to count 1 and admitted the personal firearm use enhancement and three prison priors, in exchange for a sentence of 11 years in prison and the dismissal of the remaining charges and allegations. The sentence consisted of the midterm of five years on count 1, plus the upper term of three years on the firearm use enhancement and one year each on the three prison priors. On October 20, 2017, the court sentenced defendant in accordance with the terms of the plea agreement.

On April 3, 2023, the court recalled defendant's sentence pursuant to section 1172.75. The court vacated her three prison priors and sentenced her to eight years in

---

[1] All further statutory references will be made to the Penal Code unless otherwise indicated.

2

prison (comprised of the midterm of five years on count 1 and three years on the firearm enhancement). It also set a hearing on defendant's motion for resentencing for June 12, 2023, which was subsequently continued.

Defendant filed a petition for resentencing under sections 1172.7, 1172.75, 1170, and 1385, arguing that she was entitled to a full resentencing under section 1172.75, subdivision (d). She requested that the court consider her good behavior in prison and her childhood trauma and asked to be resentenced to either the low term of three years on count 1 or, in the alternative, five years total by making the three-year gun enhancement concurrent. In support of her petition, defendant filed a declaration alleging that she was born addicted to drugs, was beaten by her mother until she was 12 years old, ran away from home, lived on the streets, and started using methamphetamines at age 13.

The court held a resentencing hearing on September 11, 2023. The prosecutor asked the court to take judicial notice of defendant's extensive criminal record in Riverside County. The prosecutor noted this was a plea agreement and argued the court should not alter the agreement beyond striking the now-invalid prison priors, in view of defendant's 20-year history of committing felonies. Defense counsel stated the court struck the prison priors earlier, and he asked the court to stay the three years imposed on the firearm use enhancement and just sentence defendant to the five years on count 1, which would mean she had served her time. Defense counsel submitted on his brief and defendant's declaration. The court then recited defendant's criminal history from its own

records and noted it was rare to see that many felony convictions.[2]  The court stated it had read defendant's petition and declaration, but found the sentence that was previously imposed appropriate, given defendant's criminal history.  The court noted the midterm sentence was "not that far-reaching" and there was an argument for "an upper term determination."  It further found "it was an aggravated case given all of the prison priors that were alleged in the charging document."  The court stated it was mindful of its discretion under section 1385, and it adopted the sentence previously imposed, noting that the prison priors had already been stricken.  The court concluded, "[I]t appears that that sentence is an appropriate one given this defendant's history and the facts and circumstances alleged therein."

## DISCUSSION

### The Court Properly Resentenced Defendant

Defendant argues the court abused its discretion by failing to apply the statutory provisions in sections 1170 and 1385 and failing to adequately consider her mitigating circumstances.  She specifically contends the court relied on an improper basis for its decision, in that the criminal record it relied upon had not been stipulated to by her or found true beyond a reasonable doubt at trial by the jury or judge in a court trial, pursuant to section 1170, subdivisions (b)(2) and (b)(3).  Defendant also claims the court failed to use her childhood trauma, pursuant to section 1170, subdivision (b)(6)(A), to impose the lower term on count 1.  Finally, she contends the court failed to "afford great weight" to

---

[2]  The court read into the record the case numbers and violation dates of nine of defendant's prior felony convictions, plus the instant offense.

4

the evidence she offered of her childhood trauma and dismiss the firearm enhancement. (§ 1385, subd. (c)(2)(E).)  We conclude the court properly resentenced defendant to the same term as previously imposed.

A.  *Standard of Review*

The trial court's sentencing decision under section 1170 is "'review[ed] for abuse of discretion.'"  (*People v. Hilburn* (2023) 93 Cal.App.5th 189, 205-206.)  Similarly, we review for abuse of discretion the trial court's decision not to strike a sentence enhancement under section 1385, subdivision (a).  (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.)

B.  *The Court Did Not Abuse its Authority in Imposing the Middle Term on Count 1*

1.  *Section 1170*

Section 1170, subdivision (b)(1) provides:  "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)."

Section 1170, subdivision (b)(2) provides:  "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have

been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

Section 1170, subdivision (b)(6) provides: "Notwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence."

2. *Section 1170, Subdivision (b)(2) Does Not Apply Here*

Defendant first argues the court improperly relied on its internal court website as the basis for her criminal history in deciding to adopt the sentence previously imposed. Citing section 1170, subdivision (b)(2), she asserts that the criminal record "had not been stipulated to by the defendant or [] been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." However, section 1170, subdivision (b)(1) provides that when a statute specifies three possible terms of imprisonment, "the court shall, in its sound discretion, order imposition of a sentence *not to exceed the middle term*, except as otherwise provided in paragraph (2)." (Italics added.) Subdivision (b)(2) then provides the court may impose a sentence *exceeding* the middle term only when there are aggravating circumstances "and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at

6

trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2), italics added.) The court here did not impose a sentence exceeding the middle term on count 1. Thus, section 1170, subdivision (b)(2) is not applicable.

3. *Defendant Has Forfeited Her Claim Under Section 1170, Subdivision (b)(3)*

Defendant next asserts the court's reliance upon its internal website as the basis for her criminal record was improper since the court's website was not a certified record of conviction, as specified under section 1170, subdivision (b)(3). Section 1170, subdivision (b)(3) provides "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." The People argue that defendant has forfeited this section 1170, subdivision (b)(3) claim, and we agree.

In *People v. Hall* (2023) 97 Cal.App.5th 1084 (*Hall*), review granted Feb. 28, 2024, S283530, and disapproved on other grounds in *People v. Lynch* (2024) 16 Cal.5th 730, 768-769, the trial court relied on the defendant's prior convictions in sentencing him. On appeal, the defendant complained that none of the prior convictions were based on a certified record of conviction, as required by amended section 1170, subdivision (b)(3). (*Hall*, *supra*, 97 Cal.App.5th at p. 1101.) The court concluded that the defendant forfeited the issue on appeal since he did not object to the trial court's consideration of the prior convictions at sentencing. (*Id.* at pp. 1101-1102.) The court further stated, "[t]he lack of certified copies of these convictions presented at the sentencing hearing was a foundational, *evidentiary* issue defendant could have, and should have, raised in the

7

trial court. Indeed, had defendant made such an objection, the foundational issue could have been readily resolved." (*Id.* at p. 1101.)

Here, as in *Hall*, defendant did not object when the prosecutor asked the court to take judicial notice of her Riverside County criminal record, at the resentencing hearing. She also did not object when the court cited her numerous prior felony convictions from its records, when it imposed the middle term on count 1. Had defendant objected to the lack of a certified record of the prior convictions, "the foundational issue could have been readily resolved." (*Hall*, *supra*, 97 Cal.App.5th at p. 1101.)

We further note defense counsel subsequently *agreed* to the court's use of its own records in resentencing defendant. Upon order of this court, the trial court held a hearing to settle the record on February 15, 2024. The trial court clarified that, in resentencing defendant, it relied on its "own records," namely, the court's Judicial Access website. The court stated it would proceed to articulate each prior conviction in order to "make it completely clear for everyone as to what the Court was relying upon and what information should be before the Court of Appeals." Defense counsel did not object; rather, she asked whether the court had a "priors packet." The court replied that neither side had provided a section 969b packet at the resentencing hearing, so it "simply went through [its] own records for the defendant" at that time, since all the prior cases were Riverside County Superior Court cases. Defense counsel responded, "I think what you [have] suggested would be satisfactory." However, she then told the court she did not want it to take up its time reading into the record the information from each prior

8

conviction and that it would suffice for the court to just provide a list of the records reviewed. Defense counsel stated, "I am concerned if you're taking time that you don't have to deal with an issue that in my mind is resolved because instead you took the information from a different source, to wit, the website."

Therefore, not only did defendant fail to object at the resentencing hearing, but her defense counsel also subsequently acknowledged that the court relied on its own records of her prior convictions and agreed that it would be sufficient for the court to read into the record the prior convictions relied upon in resentencing defendant. In any event, defendant's failure to object on the ground that the prior convictions relied upon were not based on a certified record of conviction forfeits the issue on appeal. (*Hall, supra,* 97 Cal.App.5th at pp. 1101-1102.)

Notwithstanding the forfeiture, the court's own records were a proper subject for judicial notice. (Evid. Code, § 452, subd. (d) [judicial notice may be taken of "[r]ecords of (1) any court of this state"].)

4. *Defendant Did Not Allege That Her Childhood Trauma Was a Contributing Factor to the Carjacking*

Finally, defendant claims section 1170, subdivision (b)(6), directed the court to impose the lower term on count 1, in light of her childhood trauma, unless it found that the aggravating circumstances outweighed the mitigating circumstances such that imposition of the lower term would be contrary to the interests of justice. She claims the court failed to conduct this "required assessment" by not making a finding that reducing

her sentence to the low term would be contrary to the interests of justice. However, section 1170, subdivision (b)(6) provides that "the court shall order imposition of the lower term if any of the following was *a contributing factor in the commission of the offense*: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence." (Italics added.)

Notably, defendant did not claim that her childhood trauma was a contributing factor in the commission of the carjacking in count 1. Her petition simply alleged that she was "a victim of childhood abuse at the hands of her mother," and her declaration generally alleged that she "had a tough childhood," was beaten by her mother, ran away from home, and started using drugs at a young age. Since there was no indication defendant's childhood trauma was a contributing factor to her commission of the carjacking in count 1, it was not a mitigating factor within the meaning of section 1170, subdivision (b)(6). We further note that the court stated it considered defendant's petition and declaration and determined the middle term was appropriate, given her criminal history. The court found this case "was an aggravated case given all of the prison priors that were alleged in the charging document." Although the court had reason to impose the upper term, it imposed the middle term on count 1. Therefore, we see no abuse of discretion.

10

C. *The Court Properly Exercised its Discretion Under Section 1385*

Defendant also argues the court abused its discretion by failing to "afford great weight to evidence offered" by her that the current offense was connected to her childhood trauma, under section 1385, subdivision (c)(2). She asserts that "no ruling was made" that dismissing the personal firearm enhancement or reducing it to the middle term of two years would endanger public safety, under section 1385, subdivision (c)(2). We see no abuse of discretion.

Section 1385, subdivision (c) provides, in relevant part: "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. . . [¶] (E) The current offense is connected to prior victimization or childhood trauma."

Defendant's declaration did not prove that the current offense of carjacking was connected to her childhood trauma. (§ 1385, subd. (c)(2)(E).) As discussed *ante*, her declaration simply described her "tough childhood" and made no connection to the current offense. (see C.3., *ante*.) Thus, defendant's childhood trauma was not a mitigating circumstance, within the meaning of section 1385, subdivision (c)(2)(E).

11

Additionally, even without an express finding that dismissal would endanger public safety, "a court retains the discretion to impose or dismiss enhancements provided that it assigns significant value to the enumerated mitigating circumstances when they are present." (*People v. Walker* (2024) 16 Cal.5th 1024, 1029.) Here, the court considered defendant's petition and declaration and prior criminal history in making its decision. The court was aware of its discretion under section 1385 and properly exercised it in denying defendant's request to dismiss the firearm enhancement.

DISPOSITION

The resentencing order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

MILLER
Acting P. J.

MENETREZ
J.